IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JEFFREY DAVIS, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | :    CASE NO.: 7:24-CV-00008 (WLS-ALS) |
| | : |
| FRANK BISIGNANO, Commissioner of Social Security, | : |
| | : |
|     Defendant. | : |
| | : |

## ORDER

    Plaintiff Jeffrey Davis moves for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 20). After review, the Motion is granted.

    Previously, Davis sued the Commissioner challenging the denial of his application of disability benefits. (*See generally* Doc. 1). In February 2025, U.S. Magistrate Judge Alfreda L. Sheppard issued a Recommendation (Doc. 17) that the Commissioner's Decision be reversed and remanded for further consideration of Davis's claim. The Court adopted the Recommendation without change and remanded the Commissioner's Decision under Sentence Four of 42 U.S.C. § 405(g) for further consideration of Davis's claim and residual functional capacity in light of the Recommendation and the Court's Order. (Doc. 18).

    Davis now moves for attorneys' fees under 28 U.S.C. § 2421. (Doc. 20 at 1). The Equal Access to Justice Act requires a court to award a prevailing plaintiff fees, certain costs, and other expenses in any civil action against the United States "unless the position of the United States was justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must apply showing that (1) they are the prevailing party, (2) an application, including an itemized justification for the amount requested, is filed within 30 days of a final judgment,[1] (3) the position of the government is

---

[1] A final judgment is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Commissioner has sixty days to appeal. Fed. R. App. P. 4(a)(1)(B). Hence the thirty-day EAJA clock

1

not substantially justified, and (4) no special circumstances make such an award unjust. *Id.* § 2412(d)(1)(B).

Having reviewed the Motion and supporting exhibits, the Court finds that Davis meets the criteria for an award of attorneys' fees under the EAJA. Davis was the prevailing party because the Court issued a remand order under sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). He timely filed his motion for attorneys' fees within thirty days of the final judgment. The Commissioner's position was not substantially justified and there are no special circumstances that would make an award of EAJA fees unjust. And the Commissioner does not object. (*See* Doc. 15 ¶ 7). Hence the Court concludes that Davis is entitled to reasonable attorneys' fees.

EAJA costs are determined by the lodestar method, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate on the matter. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The EAJA sets the hourly maximum rate at $125. But this figure may be adjusted for, among other things, cost-of-living increases. *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992). The cost-of-living increases may be determined by reference to the Department of Labor's Consumer Price Index, and the annual average consumer price index rates, when available. *Muga v. Comm'r of Soc. Sec.*, 5:20-CV-00445, 2023 WL 2002074, at *1 (M.D. Ga. Jan. 25, 2023).

Davis asks for $7,013.68 in attorneys' fees for 27.85 attorney hours. (Doc. 20 at 1). This works out to an hourly rate of $251.84. Davis's Counsel states that his requested rates were adjusted from the statutory amount per hour based upon the Consumer Price Index. (Doc. 20-1 at 3). Based on the Record and the undersigned's knowledge and experience, the Court finds that the hourly rates and number of hours requested are fair and reasonable. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988) (explaining that the court is itself an expert on the question of fees and may consider its own knowledge and experience

---

starts to run after the Commissioner's time to appeal the final judgment has expired. *Dana B. v. Comm'r of Soc. Sec.*, 1:20-CV-04104, 2022 WL 16955478, at *1 n.2 (N.D. Ga. July 13, 2022) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)). Here, the final judgment was entered on March 6, 2025. (Doc. 19). Sixty days from that date was May 5, 2025, when the thirty days for an EAJA application began. Davis's Motion was thus timely filed on June 2, 2025.

regarding reasonable fees and may even "form an independent judgment either with or without the aid of witnesses as to value"); *see C.H. v. Comm'r of Soc. Sec.*, 7:23-CV-41, 2023 WL 7706421, at *1 (M.D. Ga. Nov. 15, 2023) (granting EAJA hourly rate of $234 noting that it was properly calculated based on a CPI adjustment of the $125.00 statutory rate).

Consequently, Davis's Motion (Doc. 20) for attorneys' fees is **GRANTED**. Davis is hereby awarded $7,013.68 in attorneys' fees. This award shall be made payable to Davis directly if he does not owe a federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If the U.S. Department of Treasury determines that Davis does not owe a federal debt and has assigned his right to the EAJA attorneys' fees and costs to Counsel, then the Commissioner is **ORDERED** to pay the fees and costs directly to counsel.

**SO ORDERED**, this 5th day of June 2025.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATESDISTRICT COURT**